498 A.2d 806

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Patricia Ann CAPITOLO, Curtis Jay Sell, Stephen E. Anderson, Edward S. Wagner, and Sue Heilman, Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 1984.

Decided Sept. 24, 1985.

Edward J. Tocci, Dist. Atty., Anthony J. Berosh, John Lee Brown, Jr., Asst. Dist. Attys., Beaver, Pa., for appellant.

Jon Pushinsky, Pittsburgh, Pa., for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This case raises the sole issue of whether the defense of justification as defined in Section 503 of our Crimes Code[1] is available to Appellees (Patricia Ann Capitolo, Curtis Jay Sell, Stephen E. Anderson, Edward S. Wagner, and Sue Heilman) who were charged with criminal trespass.[2]

On July 15, 1979, Appellees, violating a clearly visible "No Trespass" sign, crawled under a fence surrounding the Shippingsport Power Plant in Beaver County and sat down holding hands. Told to leave by a plant security guard and a deputy sheriff, or face arrest for trespassing, Appellees remained seated. They were then bodily removed by Deputy Sheriffs from the property and each charged with criminal trespass. No injuries or property damage resulted from the trespass at the plant, which was in a two-week shutdown at the time.

At a trial by jury, presided over by the Honorable John N. Sawyer, President Judge of the Beaver County Court of

1. 18 Pa.C.S. § 503

2. 18 Pa.C.S. § 3503

Common Pleas, Appellees attempted to defend their actions, relying on Section 503 of the Crimes Code which provides:

### § 503. Justification generally.

(a) General rule—Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:

(1) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;

(2) neither this title nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

(3) a legislative purpose to exclude the justification claimed does not otherwise plainly appear.

(b) Choice of evils—When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for his conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability.

Appellees demanded to present evidence from experts which they believed would show:

(1) that there were various activities aimed at shutting down the power plant;

(2) that pursuing other means would not eliminate the danger generated by the plant;

(3) that this type of trespass has been used in the past to stop construction of a power plant;

(4) that the low level radiation emanating from a power plant is a risk and danger.

The trial court rejected this offer ruling, as a matter of law, that the justification defense as defined by Section 503 was not available because Appellees' criminal trespass was neither a necessary nor an effective means by which to avoid

their anticipated danger from radioactivity.[3] Appellees were permitted to testify as to their own beliefs concerning the dangers inherent in nuclear power plants, these beliefs being relevant to the issue of motivation, but the jury was given no charge on justification as a defense. Guilty verdicts against Appellees were returned on November 30, 1979, from which post-trial motions for a new trial and motions in arrest of judgment were filed.

A Court en banc panel (Sawyer, P.J., Rowley, Reed, Walko, Mannix, JJ.), by its per curiam Opinion and Order, entered June 4, 1980, denied the post-trial motions, and by Order of July 16, 1980, each Appellee's sentence was suspended upon condition of paying $500.00 in costs to the County. An appeal to Superior Court followed. That court, by its en banc Opinion and Order of January 13, 1984, *Commonwealth v. Capitolo, et al,* 324 Pa.Superior Ct. 61, 471 A.2d 462 (1984), authored by Judge Spaeth, now President Judge, and joined by Cercone, P.J., and Brosky and Beck, JJ., reversed the judgments of sentence and remanded for a new trial. Judges Johnson, Weiand, and Hester dissented. We granted allocatur because of the importance of defining the extent to which the justification defense may be applicable in criminal prosecutions generally, and under the specific facts before us.

■■■ Our statute (18 Pa.C.S. § 503) adopts the view that a principle of necessity, properly conceived, affords a general justification for conduct that otherwise would constitute an offense; and that such a qualification, like the requirements of culpability, is essential to the rationality and justice of all penal prohibitions. (See Model Penal Code Comment T.D. No. 8, pp. 5–10.) The defense of necessity, however, does not arise from a "choice" of several courses

---

3. (1) The trial court also reasoned that the existence of Federal and State legislation regulating the production of nuclear energy foreclosed the possibility of vesting individual private citizens with the authority to determine the wisdom of operating nuclear power plants, and (2) that since non-criminal alternatives were available to Appellees, their actions were negligent and useless and, hence, beyond the scope of the necessity defense by virtue of § 503(b).

of actions; instead it is based on a real emergency. It can be asserted only by an actor who is confronted with such a crisis as a personal danger (to oneself or others), a crisis which does not permit a selection from among several solutions, some of which do not involve criminal acts. *U.S. v. Seward*, 687 F.2d 1270 (1982) Court of Appeals (10th Cir., Colo.); *U.S. v. Kroncke*, 459 F.2d 697 (1971) Court of Appeals (8th Cir., Minn.). Accordingly, the defense can be raised only in situations that deal with harms or evils that are readily apparent and recognizable to reasonable persons. The defense cannot be permitted to justify acts taken to foreclose speculative and uncertain dangers, and is therefore limited in application to acts directed at the avoidance of harm that is reasonably certain to occur. *State v. Greene*, 5 Kan.App.2d 698, 623 P.2d 933 (1981); *State v. Dorsey*, 118 N.H. 844, 395 A.2d 855 (1978).

■ Furthermore, the actor must reasonably believe that the conduct chosen was necessary to avoid the greater threatened harm or evil. Because the harm must be real, and not an imagined, speculative, or non-imminent harm, the actions taken to avoid the harm must support a reasonable belief or inference that the actions would be effective in avoiding or alleviating the impending harm.

In order, then, to be entitled to an instruction on justification as a defense to a crime charged, the actor must first offer evidence that will show:

(1) that the actor was faced with a clear and imminent harm, not one which is debatable or speculative;

(2) that the actor could reasonably expect that the actor's actions would be effective in avoiding this greater harm;

(3) that there is no legal alternative which will be effective in abating the harm; and

(4) that the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue.

■ As with any offer of proof, it is essential that the offer meet a minimum standard as to each element of the

defense so that if a jury finds it to be true, it would support the affirmative defense—here that of necessity. This threshold requirement is fashioned to conserve the resources required in conducting jury trials by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses raised by the defendant. Where the proffered evidence supporting one element of the defense is insufficient to sustain the defense, even if believed, the trial court has the right to deny use of the defense and not burden the jury with testimony supporting other elements of the defense.

 The trial court was correct in ruling that, as a matter of law, justification was not an available defense to Appellees. Furthermore, the record is clear that the nuclear power plant was shutdown for two-weeks at the time Appellees chose to trespass. Even if low-level radiation and nuclear waste were emanating from the shut-down plant (as Appellees believed), we do not find this to be the type of danger classified as an emergency sufficient to justify criminal activity. To be imminent, the danger must be, or must reasonably appear to be, threatening to occur immediately, near at hand, and impending. See, *State v. Warshow*, 138 Vt. 22, 410 A.2d 1000 (1979).

 Reviewing the record in this light, it is abundantly clear that Appellees could not establish that their criminal conduct was *necessary* to avoid harm or evil to themselves or others. Their conduct neither terminated nor reduced the danger which they claimed was posed by the presence of the radioactive fuel in the plant, nor could their conduct have done so. Their act of criminal trespass was a deliberate and calculated choice, not an act that was urgently necessary to avoid a clear and imminent danger.

Under any possible set of hypotheses, Appellees could reasonably foresee that their trespass would fail to halt the operations of the power plant, which they claim to be an imminent danger. Since we do not see how any reasonable person could perceive that a shut-down plant posed an

immediate evil or harm, or how a sit-in could permanently shut down the plant, it was not error to deny Appellees the protection of the defense or to introduce evidence to substantiate their speculative beliefs.

We note from the majority opinion of Superior Court the author's view of a new concept of handling offers.

> Appellants offered to prove that their conduct met requirements of the defense of justification.... The trial court rejected Appellants' offer. In doing so the court made plain its belief that even if Appellants had been permitted to present their evidence, they would not have been able to prove that their trespass was justified. Perhaps so. But the jury should have been allowed to appraise Appellants' evidence. *Commonwealth v. Capitolo*, 324 Pa.Superior Ct. 61, 471 A.2d 462 (Pa.Superior Ct.1984) at 464.

■■■ Offers of proof are received by the court—not by the jury. The court weighs the offer of proof and determines its legal efficacy. Not the jury. No citations of authority are needed for those knowledgeable in the law to understand the proposition that the court decides questions of law and the jury decides questions of fact. It is initially the trial court's duty to examine the offer to ensure that it meets minimum standards as to each element of the defense of justification; if one element is lacking the trial court is justified in not permitting the jury to hear evidence on that or other elements of the defense.

■■■ If the offer can pass muster with the trial judge, the jury may then hear and "appraise Appellants' evidence." The trial judge does not sit mute, powerless to insulate the jury from evidence which, even if believed, could not support the elements of a given defense. We expressly reject this concept in favor of the time-tested procedure (used by Judge Sawyer) of letting the trial judge first determine whether the offer satisfied a threshold requirement and, if not, then deny the shield of the defense. Review of that ruling is then limited to determining whether the trial court abused its discretion or committed error of law.

Having concluded from our review of the record that the trial court was correct in refusing to charge on justification or to admit evidence on that defense, we find no abuse of discretion or error of law was committed in so ruling. Because we so conclude, it is unnecessary to determine whether the common law should be read into Section 503(a), or whether federal or state legislation regulating nuclear power preempts the availability of the justification defense.

A number of our sister states have unaminously held that trespassing on private property of nuclear power plants may not be justified by the presence of dangerous materials or activities and further, is not legally justified by philosophical disagreement.[4] Section 503 does not condone this type of ad hoc self help which forebodes legal chaos.

One final comment, however, is necessary. At trial, Appellees chose to raise the justification defense of Section 503. No one, including Appellees, claimed the right or desire to use any other defense at any time. As the majority stated below:

> Finally, we have discussed Section 510 of the Crimes Code. Appellants have not claimed, nor has the Commonwealth argued that they should have claimed the defense of justification as provided in Section 510. (471 A.2d at p. 464).

A matter not raised in the trial court cannot be considered on appeal[5], and Superior Court's sua sponte

---

4. *U.S. v. Cassidy,* 616 F.2d 101, 4th Circuit (1979); *U.S. v. Kroncke,* 459 F.2d 697, 8th Circuit (1972); *U.S. v. Seward,* 687 F.2d 1270, 10th Circuit (1982); *State v. Marley,* 54 Haw. 450, 509 P.2d 1095 (1973); *State v. Greene,* 5 Kan.App.2d 698, 623 P.2d 933 (1981); *Commonwealth v. Brugmann,* 13 Mass.App. 373, 433 N.E.2d 457 (1982); *State v. Kee,* 398 A.2d 384 (1979) (Me.); *State v. Dorsey,* 118 N.H. 844, 395 A.2d 855 (1978); *State v. Warshow,* 138 Vt. 22, 410 A.2d 1000 (1979); *State v. Olsen,* 99 Wis.2d 572, 299 N.W.2d 632 (1980).

5. *Reilly v. Septa,* 507 Pa. 204, 489 A.2d 1291 (1985); *Tognani v. Lew,* 493 Pa. 371, 426 A.2d 595 (1981). *Bell v. Koppers Co., Inc.,* 481 Pa. 454, 392 A.2d 1380 (1978); *Coleman v. Board of Education,* 477 Pa. 414, 383 A.2d 1275 (1978); *Commonwealth v. National Federation of the Blind,* 471 Pa. 529, 370 A.2d 732 (1977); *Weigand v. Weigand,* 461 Pa. 482, 337 A.2d 256 (1975); *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

raising of the applicability of Section 510 to this case was patent error. Appellees chose to defend themselves on Section 503. That section alone was raised at trial and that section alone was before Superior Court and this Court. Whether Section 510 was available to Appellees is besides the point. They did not choose to rely on it and, as reviewing courts, we are not called to comment upon its applicability because it simply is not an issue before us.

We require strict compliance with the procedures designed for issue preservation to save judicial manpower, and to prevent our appellate courts from becoming advocates for parties instead of adjudicators of the issues they present for our review.[6]

Reversed and judgments of sentence reinstated.

6. *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984).