# Commonwealth v. Herlihy

*Jeffrey Abramson assistant district attorney, for* the Commonwealth.
*Dennis D. Brogran,* for defendant.

STIVELY, *S.J.,* February 10, 1987 — Prior to hearing in this matter, defendant has submitted a written offer of proof based upon the "justification defense" set forth in section 503 of the Crimes Code. The Commonwealth's objection to the offer must be sustained.

Although the issue of whether the justification defense is available in defiant-trespass cases involving abortion clinics has yet to be addressed by a Pennsylvania appellate court, our Supreme Court has twice held that the defense was not applicable to mitigate the offense of criminal trespass where the properties involved were nuclear-power and missile-manufacturing plants. In its holding in Commonwealth v. Capitolo, 508 Pa. 372, 498 A.2d 806 (1985) the court reasoned:

"Our statute, (18 Pa.C.S. §503) adopts the view that a principle of necessity, properly conceived, affords a general justification for conduct that otherwise would constitute an offense. The defense of necessity, however, does not arise from a choice of several courses of action; instead it is based on a real

emergency. It can be asserted only by an actor who is confronted with such a crisis as a personal danger (to oneself or others), a crisis which does not permit a selection from several solutions, some of which do not involve criminal acts. (Citations omitted.) Accordingly, the defense can be raised only in situations that deal with harm or evils that are readily apparent to reasonable persons."

The court went on to further enunciate a four-part test. Thus, in order to show that the justification defense is proper in a given case, defendant must demonstrate:

(1) that he was faced with a clear and imminent harm, not one which is debatable or speculative;

(2) that he could reasonably expect that his actions would be effective in avoiding the greater harm;

(3) that there is no legal alternative which will be effective in abating the harm; and

(4) that the legislature has not acted to preclude the defense by a clear and deliberate choice regarding the value of the issue.

Similarly, in Commonwealth v. Berrigan, 509 Pa, 118, 501 A.2d 226 (1985), in which defendants sought to invoke the defense under section 510 to excuse their actions when they entered the General Electric Plant in King of Prussia and destroyed various missile components, the court upheld the trial court's instruction to the jury that the justification defense (section 510 of the Crimes Code) was unavailable to the defendants as a *matter of law*. The Berrigan court reasoned:

"As with any offer of proof, it is essential that the offer meet a minimum standard as to each element of the defense so that if a jury finds it to be true, it would support the affirmative defense. Where the offer is insufficient to establish any one element of

the defense, the trial court may deny use of the defense and prohibit evidence as to the other elements of the defense."

Defendants were thus prevented from presenting evidence from claimed experts that their actions were necessary to prevent a nuclear holocaust, although defendants were permitted to testify as to their personal reasons for entering the plant property.

In addition to its application of the Capitolo test, the court stated further:

"Additionally, *the defense cannot be available in situations where the conduct some perceive to engender public disaster has been specifically approved of by legislation making it legal conduct* or where a legislative purpose appears to exclude the defense." (Emphasis supplied.) 501 A.2d at 229.

In the case at bar, defendant has argued that since the Pennsylvania General Assembly has never specifically decreed the usual activities of abortion clinics to be legal and there is now a recognized cause of action for wrongful death in cases involving stillborn and children fatally injured in utero, abortions are, by implication, illegal. See: Amadio v. Levin, 509 Pa. 199, 501 A.2d 1085 (1985). Nevertheless, the U. S. Supreme Court has, since its decision in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705 (1973) repeatedly held that not only are first-trimester abortions legal, but they constitute a fundamental constitutional right subject to infringement under only the most compelling of circumstances. See Also: Women's Suburban Clinic v. Melson, 33 Chester Co. Rep. 85, 89 (1985). Consequently, under the Berrigan rationale, the justification defense is clearly inapplicable in the instant case.

Moreover, it also appears that defendant would fail part (3) of the Capitolo test, insofar as it requires

that no other choices or alternatives be available to the actor. In light of the fact that defendant could have just as easily transmitted his opinion to the clinic's patients without trespassing on clinic property and is in no way hindered from lobbying the Pennsylvania legislature and other governing bodies to declare abortions illegal, there were certainly other, legal alternatives open to him. See also: Sigma Reproductive Health Center v. State, 297 Md. 660, 467 A.2d 483 (1983); Gaetano v. United States, 406 A.2d 1291 (D.C. App. 1979).

## ORDER

And now, this February 10, 1987, the Commonwealth's objection to defendant's offer of proof is sustained.