COMMONWEALTH of Pennsylvania,
Appellee

v.

William BILLINGS, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 13, 2001.
Filed Feb. 21, 2002.

Robert F. Pappano, Public Defender, Media, for appellant.

Michelle P. Hutton, Asst. Dist. Atty., Media, for Com., appellee.

Before: JOYCE, STEVENS, and BECK, JJ.·

STEVENS, J.

¶ 1 This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Delaware County, after a jury convicted Appellant, William Billings, of Driving Under the Influence of Alcohol ("DUI"), 75 Pa.C.S. § 3731(a)(1).[1] Appel-

---

1. § 3731. Driving under influence of alcohol or controlled substance

lant's sole issue on appeal is whether the court erred by refusing to instruct the jury on the defense of justification. We affirm.

¶ 2 The facts of record establish that on May 19, 1996, at about 2:10 a.m., Nether Province Township Police Officer Douglas Soule was traveling southbound on Turner Road when he observed a vehicle parked in the middle of the northbound lane. After Officer Soule passed the car and made a U-turn, the car began to move, and Officer Soule followed it. Soule observed the car cross the yellow lines and swerve within its lane and stopped the car. Appellant was driving the car, and Karen Percival was sitting in the passenger seat. Appellant identified himself to the officer as "David Peaschek" but did not provide identification. Appellant told the officer that the car was stopped in the middle of the road because Appellant's companion, who had been driving, would no longer drive as she had hit a small animal in the street and was too upset to continue driving. Thus, Appellant explained that he had to take over and drive the car.

¶ 3 While speaking to Appellant, the officer noticed signs of intoxication and administered a field sobriety test. Appellant failed the field sobriety test and was taken into custody for further tests at the hospital, where Appellant continued to identify himself as "David Peaschek." The results of the blood test indicated Appellant had a blood alcohol level of 0.25%, which is beyond the legal limit, and Appellant was taken to the police station and fingerprinted.

¶ 4 On July 15, 1996, Appellant, who was subsequently identified as William Billings, waived his preliminary hearing in consideration for the withdrawal of the charges of unsworn falsification to authorities and false reports to law enforcement authorities. On August 29, 1996, criminal informations were filed charging Appellant with Driving Under the Influence of Alcohol And/Or Controlled Substance and the summary offenses of drivers required to be licensed, stop sign violation, and careless driving. Appellant appeared at his formal arraignment on August 29, 1996, without an attorney, and was scheduled to appear at a pre-trial conference before the court on October 7, 1996. However, Appellant did not appear, and a bench warrant for his arrest was issued. Appellant remained a fugitive from justice until November 22, 2000, when he returned to Pennsylvania.

¶ 5 Appellant, represented by the Public Defender's Office, was tried for DUI on April 19, 2001. The trial court refused Appellant's request to instruct the jury on the law of justification. Appellant was found guilty of driving under the influence, sentenced to ninety (90) days to twenty-three (23) months for driving under the influence, and fined for the summary traffic offenses. Appellant then brought this appeal. All Pa.R.A.P.1925 requirements have been met.

(A) OFFENSE DEFINED.—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:
(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.
(2) While under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, to a degree which renders the person incapable of safe driving.
(3) While under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving.
(4) While the amount of alcohol by weight in the blood of:
    (i) an adult is 0.10% or greater; or
    (ii) a minor is 0.02% or greater.

¶ 6 Appellant's sole issue on appeal is whether the court erred by refusing to instruct the jury on the defense of justification. The question we must ask about a proposed charge to the jury is whether it is warranted by the evidence presented in the case. *Commonwealth v. Mays*, 450 Pa.Super. 188, 675 A.2d 724 (1996). Thus, for the jury to be instructed on the defense of justification by necessity, there must be evidence that would make such a finding possible.

¶ 7 "Necessity" may be raised as a defense and excuse liability where:

Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:

(1) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;

(2) neither this title nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

(3) a legislative purpose to exclude that justification claimed or does not otherwise plainly appear.

18 Pa.C.S. § 503(a)

¶ 8 In order to be entitled to an instruction on justification by necessity as a defense to a crime charged, Appellant must offer evidence to show:

(1) that (he) was faced with a clear and imminent harm, not one which is debatable or speculative;

(2) that (he) could reasonably expect that (his) actions would be effective in avoiding this greater harm;

(3) that there is no legal alternative which will be effective in abating the harm; and

(4) that the Legislature has not acted to preclude the defense by a clear

and deliberate choice regarding the values at issue.

As with any offer of proof, it is essential that the offer meet a minimum standard as to each element of the defense so that if a jury finds it to be true, it would support the affirmative defense—here that of necessity. This threshold requirement is fashioned to conserve the resources required in conducting jury trials by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses raised by the defendant. Where the proffered evidence supporting one element of the defense is insufficient to sustain the defense, even if believed, the trial court has the right to deny use of the defense and not burden the jury with testimony supporting other elements of the defense.

*Commonwealth v. Capitolo*, 508 Pa. 372, 377, 498 A.2d 806 (1985).

¶ 9 We conclude Appellant has failed to meet these requirements. For example, there was no danger that was "clear and imminent." The record indicates that Appellant and his companion's car was parked in the middle of a relatively untravelled road during the early morning hours (2:00 a.m.) (N.T. 4/19/01 pp. 80–85). There was no danger or emergency to move the car, and Appellant could simply have put on the car's emergency flashers, which would have been a safer strategy than Appellant operating the vehicle while intoxicated.

¶ 10 Appellant also fails the "no alternative" portion of the test. Appellant testified that he was in the car when his companion hit a small animal and became too upset to drive. Even if Appellant faced imminent harm by oncoming traffic, he would still not be justified in driving the car home. He would, at most, be justified, out of necessity, in parking the car on the

side of the road so as not to cause an accident. Appellant had other reasonable options to driving the vehicle while intoxicated. For example, he could have activated the emergency flashers and given his companion an opportunity to regain her composure. Clearly, the defense of necessity was not met.

¶ 11 For the forgoing reasons, we affirm.

¶ 12 Affirmed.