COMMONWEALTH of Pennsylvania,
Appellee,

v.

Marie Ann MANERA, Appellant.

Superior Court of Pennsylvania.

Argued April 3, 2003.

Filed June 2, 2003.

---

Joseph J. Hylan, Public Defender, Norristown, for appellant.

Bruce L. Castor, Jr., Asst. Dist. Atty., Norristown, for Com., appellee.

BEFORE: FORD ELLIOTT, LALLY-GREEN, and KELLY, JJ.

OPINION BY LALLY-GREEN, J.:

¶ 1 Appellant, Marie Ann Manera, appeals from the judgment of sentence dated August 22, 2002, having been convicted of violating 75 Pa.C.S.A. § 1543(b).[1] We vacate Appellant's judgment of sentence and remand for a new trial.

¶ 2 The trial court set forth the facts of the case as follows:

[On August 2, 2001,] Ms. Manera was driving a vehicle with an expired inspection sticker and was stopped by a police officer. She failed to produce an operator's license. Her license had been suspended effective November 30, 1996, for five (5) years, based on Ms. Manera's status as a habitual offender due to her

conviction on November 30, 1995, of driving under the influence.

Ms. Manera takes care of her daughter's children. On the date in question she started feeling ill at home, because she hadn't taken her medicine for arrhythmia, which she realized she left at her daughter's home. She contacted that daughter, another daughter, and her mother, in an attempt to get her medicine, and to prevent it from falling into the hands of her one year old and three year old grandchildren. At her wit's end she took a vehicle that was on her property awaiting an insurance appraisal and drove toward her daughter's house, when she was arrested.

Trial Court Opinion, 12/13/2002, at 1–2.

¶ 3 On December 5, 2001, a District Justice found Appellant guilty. Appellant filed a timely appeal with the Court of Common Pleas of Montgomery County. On August 22, 2002, the trial court held a trial *de novo* and concluded as a matter of fact that Appellant's conduct would have fallen within the defense of justification afforded by 18 Pa.C.S.A. § 503(a).[2] The trial court stated that it would have found her not guilty on that basis, except that this statutory defense is not available for prosecutions under 75 Pa.C.S.A. § 1543(b). The court imposed the mandatory sentence of 90 days imprisonment and a fine of $1,000.00.[3] This appeal followed.

¶ 4 Appellant's sole issue on appeal is:[4]

---

1. Operating a motor vehicle while under suspension for a DUI-related offense.

2. The trial court found that Appellant faced a clear and imminent harm and that her actions reasonably could be expected to avoid that harm. In addition, the court found that she exercised the available legal alternatives by telephoning family and friends to avoid driving. Trial Court Opinion, 12/13/2002, at 4.

3. Appellant's sentence was postponed pending appeal.

4. The Commonwealth agrees that Appellant is entitled to a new trial. The Commonwealth did not explain its reasoning. Moreover, the Commonwealth did not raise any argument concerning the trial court's application of the justification defense to the facts of this case. Thus, we are constrained to address only one issue: namely, whether the justification defense is generally available for violations of 75 Pa.C.S.A. § 1543(b).

I. Did the trial court err by finding the justification defense of emergency inapplicable to the charge of violating 75 Pa.C.S.A § 1543(B), operating a motor vehicle while under suspension for a DUI-related offense?

Appellant's Brief at 5. Because the issue before this Court involves a purely legal conclusion involving the interpretation of statutes, we review for an error of law. *See, Panea v. Isdaner,* 773 A.2d 782, 788 (Pa.Super.2001) (*en banc*).

¶ 5 "Justification" is defined in 18 Pa.C.S.A. § 503 as follows:

Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:

1. the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;

2. neither this title nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and,

3. a legislative purpose to exclude the justification claimed does not otherwise plainly appear.

18 Pa.C.S.A. § 503(a).[5] In *Commonwealth v. Capitolo,* 508 Pa. 372, 498 A.2d 806 (1985), our Supreme Court restated the elements of a successful justification defense as follows:

1. that the actor was faced with a clear and imminent harm, not one which is debatable or speculative;

2. that the actor could reasonably expect that the actor's actions would be effective in avoiding this greater harm,

3. that there is no legal alternative which will be effective in abating the harm; and,

4. that the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue.

*Id.* at 809.

¶ 6 The question in the instant case is whether the defense is generally available for prosecutions under 75 Pa.C.S.A. § 1543(b). The Crimes Code states in broad terms that "in **any** prosecution based on conduct which is justifiable under this chapter, justification is a defense." 18 Pa.C.S.A. § 502 (emphasis added). Similarly, our Supreme Court has noted that § 503 "adopts the view that a principle of necessity, properly conceived, affords **a general justification for conduct that otherwise would constitute an offense;** and that such a qualification, like the requirements of culpability, is essential to the rationality and justice of all penal prohibitions." *Capitolo,* 498 A.2d at 808 (emphasis added). Thus, the justification defense is generally applicable to all offenses, absent clear legislative intent to the contrary. *Id.* at 809.

¶ 7 The trial court held that the justification defense does not apply to any violations of 75 Pa.C.S.A. § 1543. In support of this view, the court noted that the Legislature has imposed increasingly severe punishments for this crime over recent years. Trial Court Opinion, 12/13/2002, at 5–6. Thus, the court reasoned that the Legislature has clearly expressed an intent to preclude the justification defense for this crime. *Id.*

¶ 8 We disagree. Simply put, we fail to see a clear connection between increased penalties and the absence of a justification defense. The Legislature could have amended the text of § 1543 to

---

**5.** The Official Comment to this section states that § 503 is not limited to situations where

the harm or evil to be avoided is death or bodily injury.

expressly abrogate the justification defense at the same time that it increased the penalties for that crime. Despite such opportunities, the Legislature did not do so. Next, the parties and the trial court do not cite any other statutory provisions demonstrating a clear and deliberate choice to abrogate the justification defense.[6] Finally, it is reasonable for the Legislature to increase the penalties for driving with a suspended license, while simultaneously retaining the justification defense. Until the Legislature speaks more clearly to exclude the justification defense, we conclude that Appellant should have been permitted to assert it in this case.[7]

¶ 9 We conclude that the learned trial court erred as a matter of law by precluding Appellant from attempting to assert the justification defense. Therefore, we must remand for a new trial. On remand, the court should consider the elements of *Capitolo* and apply them to the underlying offense of § 1543 in light of this Opinion.[8]

¶ 10 Judgment of sentence vacated. Remanded for a new trial. Jurisdiction relinquished.

---

**6.** *Cf., Commonwealth v. Wall*, 372 Pa.Super. 534, 539 A.2d 1325, 1329 (1988) (defendants charged with criminal trespass for demonstrating at an abortion clinic could not claim the justification defense in part because abortions are expressly made legal under Pennsylvania law and United States constitutional law).

**7.** Of course, the fact that a defense is theoretically available for a given crime does not mean that the Commonwealth must disprove justification in every case. Because justification is an affirmative defense, the defendant has the burden of asserting an appropriate offer of proof in order to be entitled to a jury instruction on justification. *Capitolo*, 498 A.2d at 810.

**8.** We recognize the trial court's factual finding that the justification defense would have been successful if it could have been asserted. In light of this finding, it is likely that Appellant will be discharged on remand. We decline, however, to order a discharge. Rather, we will remand for the trial court to take whatever action it deems appropriate.