J-A11007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES JERALD MONTGOMERY, | |
| Appellant | No. 1785 MDA 2016 |

Appeal from the Judgment of Sentence September 27, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0008016-2015

BEFORE: SHOGAN and MOULTON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 18, 2017**

James Jerald Montgomery ("Appellant") appeals from the judgment of sentence imposed following his convictions on charges of simple assault and the summary offense of harassment, 18 Pa.C.S. §§ 2701(a)(1) and 2709(a)(1), respectively. We affirm.

On October 23, 2015, Appellant did not want his eighteen-year-old daughter, Misty, to attend a Halloween event with her boyfriend, Trevor Mong ("Victim"). When Victim came to pick up Misty that evening, she sneaked out of the house and entered Victim's vehicle. Appellant followed Misty to Victim's car, in which she was sitting with the door partially open, and attempted to convince her to return to the house. Victim drove off, with

---

[*] Former Justice specially assigned to the Superior Court.

Misty inside the car and the door partially ajar. Appellant pursued the couple in his girlfriend's vehicle. Victim stopped his vehicle in a *cul de sac* and exited it to escape from Misty who was angrily punching him for driving off while she was still talking with Appellant. When Appellant arrived, he revved his car engine and ran into Victim, who landed on the hood. As Victim attempted to re-enter his vehicle, Appellant punched him at least twice in the face while pulling Victim out of the car. Misty intervened between Victim and Appellant. She and Victim took refuge in a neighbor's house and called the police. The neighbor described Victim as bleeding profusely from the area around his eye. Appellant left the scene. Tired of waiting for the police, Misty and Victim left the neighbor's house. Police officers interviewed the neighbor that evening, and, eventually, interviewed Misty and Victim.

Following a two-day trial in July of 2016, a jury convicted Appellant of simple assault, and the trial court found him guilty of harassment. The trial court sentenced Appellant on September 27, 2016, to probation for twenty-three months, plus fines and costs. At the Commonwealth's request, the trial court modified the sentence on October 11, 2016, to include restitution in the amount of $3,228.50 for Victim's medical expenses. Appellant did not seek post-sentence relief. This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our consideration:

I.     Whether the [trial] court erred in not allowing the Appellant to present evidence in his defense regarding the victim's prior violent acts.

II.    Whether the [trial] court erred in denying Appellant's motion for presentation of a justification defense for (a) defense of others and (b) self-defense.

Appellant's Brief at 4.

We reiterate that matters not raised in a Pa.R.A.P. 1925(b) statement of errors complained of on appeal are waived. Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived."). Here, Appellant raised, *inter alia*, the following alleged error by the trial court in his Rule 1925(b) statement:

1. The Court erred in not allowing the Defendant to present evidence in his defense regarding the prior history between Defendant and the victim.

Pa.R.A.P. 1925(b) Statement of Errors, 11/23/16, at 1. The trial court disposed of this issue by reviewing the transcript, identifying "three instances in which the defense sought to introduce evidence of the prior history between the Defendant and victim during the defense case," and addressing each of those exchanges. Trial Court Opinion, 12/19/16, at 4–8.

On appeal, however, Appellant has raised a different issue regarding the presentation of evidence, *i.e.*, "Whether the [trial] court erred in not allowing the Appellant to present evidence . . . **regarding the victim's**

**prior violent acts**." Appellant's Brief at 4 (emphasis supplied). Because Appellant did not raise this distinct issue in his Pa.R.A.P. 1925(b) statement, it is waived. Pa.R.A.P. 1925(b)(4)(vii); **Lord**, 719 A.2d at 309.

Appellant's second issue challenges the trial court's refusal to provide jury instructions on two justification defenses: self-defense and defense of others. Appellant's Brief at 14 (citing 18 Pa.C.S. § 503). Appellant argues that he was entitled to his requested justification instructions because he submitted sufficient proof to meet the four-point test of **Commonwealth v. Capitolo**, 498 A.2d 806 (Pa. 1985).[1] Appellant's Brief at 14–17.

In response, the Commonwealth submits that Appellant waived his second issue, and, alternatively, that it lacks merit. Commonwealth's Brief at 23–28 (citing Pa.R.Crim.P. 647(C)[2] and **Capitolo**, respectively). Appellant rebuts the waiver argument, stating that defense counsel "had

---

[1] In **Capitolo**, the Pennsylvania Supreme Court articulated a four-point test for a defendant to be entitled to a jury instruction on justification. The actor must offer evidence that will show that: (1) the actor was faced with a clear and imminent harm; (2) the actor could expect his actions to be effective in avoiding the harm; (3) there was no legal alternative which would be effective in abating the harm; and (4) the Legislature has not acted to preclude the defense by a clear and deliberate choice. Additionally, the defendant must make an offer of proof specifically meeting each of the four points. **Capitolo**, 498 A.2d at 808–809.

[2] "No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury." Pa.R.Crim.P. 647(C).

extensive discussion with the court regarding the proposed jury instruction" and "put the court on notice" of his position. Appellant's Brief at 15–16.

The *Capitolo* Court identified our standard of review as follows: "[T]he trial judge first determine[s] whether the offer satisfied a threshold requirement and, if not, then den[ies] the shield of the defense. Review of that ruling is then limited to determining whether the trial court abused its discretion or committed error of law." *Capitolo*, 498 A.2d at 810.

Applying *Capitolo*, the trial court found that "defense counsel made no offer attempting to articulate even a bare-bones fulfillment of the . . . four-prong test to support his request for the instructions." Trial Court Opinion, 12/19/16, at 11. Additionally, the trial court found this issue waived because Appellant did not object to the trial court's jury charge. *Id.* at 12 (citing Pa.R.Crim.P. 647 and N.T., 7/14/16, at 217).

Upon review, we discern no abuse of the trial court's discretion or error of law. The record, *Capitolo*, and Rule 647 support the trial court's merit-based and waiver conclusions. Thus, Appellant's second issue does not warrant relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017

- 5 -