J-S03037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DONNA FREEMAN | : | |
| Appellant | : | No. 1206 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 11, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001851-2019

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:       **FILED FEBRUARY 24, 2020**

Donna Freeman (Freeman) appeals from the judgment of sentence[1] imposed pursuant to her bench convictions of Aggravated Assault, 18 Pa.C.S. § 2702(a)(5), and Disorderly Conduct, a summary offense. We affirm.

We take the following factual background and procedural history from the trial court's September 19, 2019 opinion and our independent review of the record. On September 27, 2018, Officer John Wade of the Pittsburgh Public School Safety Department was working at Brashear High School when he

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Freeman purports to appeal from the order denying her post-sentence motions. However, "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001), *appeal denied*, 800 A.2d 932 (Pa. 2002) (citation omitted). We have amended the caption accordingly.

reported to a physical altercation involving six to eight people, including Freeman's son, Marquese Freeman (Marquese). (*See* N.T. Trial, 7/03/19, at 12, 14). Officer Wade, who was wearing clothes that plainly and clearly identified him as a school officer, physically restrained Marquese by wrapping his arms around him and putting him on the floor to keep him from continuing to participate in the altercation. (*See id.* at 15, 17-18). Officer Wade briefly restrained Marquese on the ground, telling him to calm down, while Marquese resisted against him and yelled. (*See id.* at 15). Approximately five seconds later, as Officer Wade was attempting to get Marquese off the floor, Freeman struck the officer with a closed fist on his right ear. (*See id.* at 15, 17-18, 35). The incident from the time Officer Wade arrived on the scene until when Freeman was escorted away by another officer lasted a total of three to five minutes. (*See id.* at 19).

Freeman was at the school to pick up her son due to his participation in another physical altercation earlier that day. (*See id.* at 34, 79). Immediately prior to Officer Wade's restraint of Marquese, Freeman was ineffectively attempting to stop him from fighting with another student. (*See id.* at 80). During her direct testimony, Freeman stated that she heard Marquese, but she did not elaborate on what he said. (*See id.* at 74). When asked on cross-examination if she heard her son say anything, she testified that he said, "Mom." (*Id.* at 82). She stated she was frightened for her son's life because "[Officer Wade] was on top of my son. My son is squirming around like he can't breathe." (*Id.* at 83). Marquese testified that he cried out when Officer Wade restrained

him and he hit the ground. (**See id.** at 55-56). However, although Marquese never testified that he could not breathe, in both her post-trial motion and Rule 1925(b) statement, Freeman repeatedly states that she heard him yell, "Help! Mom! I can't breathe." (Post-Trial Motion, 7/15/19, at 4); (Rule 1925(b) Statement, 8/30/19, at 3); **see** N.T. Trial, at 55-65).

At the conclusion of trial, the court convicted Freeman of Aggravated Assault of a School Employee and Disorderly Conduct. On July 11, 2019, the court sentenced her to two years of probation on the Aggravated Assault charge but imposed no further penalty on the Disorderly Conduct conviction. The court denied Freeman's Omnibus Motion for Post-Trial Relief on July 31, 2019, and Freeman timely appealed, challenging her Aggravated Assault conviction only. Both she and the court complied with Rule 1925. **See** Pa.R.A.P. 1925.

We interpret Freeman's inartful brief as a challenge to the sufficiency[2] and weight[3] of the evidence on the basis that the Commonwealth failed to disprove

_____

[2] "[In reviewing a challenge to the sufficiency of the evidence,] [w]e must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." **Commonwealth v. N.M.C.**, 172 A.3d 1146, 1149 (Pa. Super. 2007) (citation omitted). "Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail." **Id.** (citation omitted). "[T]he fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder." **Id.** (citation omitted).

[3] Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the

that she was justified in striking Officer Wade in defense of her son.[4]  (**See** Freeman's Brief, at 4, 7, 8-10).

Section 2702 of the Crimes Code provides, in pertinent part, that a person is guilty of aggravated assault if she "attempts to cause or intentionally or knowingly causes bodily injury to a[n] . . . employee . . . of any . . . secondary publicly-funded educational institution . . . while acting in the scope of his or her employment . . . ."  18 Pa.C.S. § 2702(a)(5).  Here, Freeman admitted that she struck Officer Wade, an employee of the Pittsburgh Public School Safety Department who was working at Brashear High School.  (**See** Freeman's Brief, at 6).  The assault resulted in bodily injury to Officer Wade in the form of physical pain.  (**See** N.T. Trial, at 17).  This is sufficient to establish aggravated assault

_____

evidence."  ***Commonwealth v. Sexton***, ___ A.3d ___, 2019 WL 5540999, at *5 (Pa. Super. filed Oct. 28, 2019) (citation omitted).  "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice."  ***Id.*** (citation omitted).

[4] The Commonwealth aptly observes that Freeman's brief materially fails to comply with the Pennsylvania Rules of Civil Procedure.  (**See** Commonwealth's Brief, at 6).  Specifically, it points out that Freeman failed to set forth the scope and standard of review, include a statement of the case, or provide pertinent citation to authorities and discussion thereof.  (**See id.**); ***see also*** Pa.R.A.P. 2111, 2117, 2119(a).  Although we agree with the Commonwealth that we could quash or dismiss the appeal for these substantial defects, ***see*** Pa.R.A.P. 2101, because we can discern Freeman's general argument that her conviction is against the weight and sufficiency of the evidence because she established a justification defense, we decline to do so.

of a school employee acting in the scope of his employment. **_See_** 18 Pa.C.S. § 2702(a)(5).

Freeman maintains, however, that she was acting in the defense of her son and this serves as a justification defense for her actions. (**_See_** Freeman's Brief, at 4). Specifically, Freeman's argument focuses on the reasonable person standard utilized by the trial court, and maintains that what is reasonable requires consideration of the current circumstances of "today's fraught climate." (**_Id._** at 9; **_see id._** at 8-10).

Pursuant to Section 506(a) of the Crimes Code:

**(a) General rule.**—The use of force upon or toward the person of another is justifiable to protect a third person when:

(1) the actor would be justified under section 505 (relating to use of force in self-protection) in using such force to protect himself against the injury he believes to be threatened to the person whom he seeks to protect;

(2) under the circumstances as the actor believes them to be, the person whom he seeks to protect would be justified in using such protective force; and

(3) the actor believes that his intervention is necessary for the protection of such other person.

18 Pa.C.S. § 506(a).

Because Section 506 references Section 505 for whether an individual's actions would be justified, we turn to Section 505. Pursuant to Section 505(b)(1), an individual is not justified in using force "to resist an arrest which the actor knows is being made by a peace officer, although the arrest is unlawful[.]" 18 Pa.C.S. § 505(b)(1)(i). The Comment to Section 505(b)(1)(i)

further advises, "[u]nder Subsection (b)(1)(i) the actor may use force if the arresting police officer unlawfully uses or threatens deadly force. In addition, the actor may use force to resist an illegal arrest by a person not known to be a police officer." 42 Pa.C.S. § 505(b)(1)(i), Comment; *see also Commonwealth v. French*, 578 A.2d 1292, 1299 (Pa. Super. 1990), *aff'd,* 611 A.2d 175 (Pa. 1992) ("A third party . . . is entitled to come forcefully to the aid of a person being placed under arrest by a known police officer only if the officer was employing or threatening excessive force which she reasonably believed subjected the arrestee to serious bodily injury or death.") (emphasis added). "[I]t is the Commonwealth's burden to disprove justification beyond a reasonable doubt where the defendant validly asserts . . . defense of others." *Commonwealth v. Hornberger*, 74 A.3d 279, 283 (Pa. Super. 2013) (citation omitted).

In this case, the trial court stated that:

> Upon consideration of all testimony presented at trial, the court finds that Officer Wade, as a school officer tasked with ensuring school safety at Brashear High School through his employment by the Pittsburgh Public School Safety Department, acted pursuant to his duties by restraining the active participant in a physical altercation at Brashear High School, and that Officer Wade utilized only the amount of force necessary to prevent Marquese Freeman from continuing to participate in a fight. The court also finds that there is insufficient credible evidence to establish that Ms. Freeman honestly believed that her son was in danger of serious bodily injury or death. Further, the circumstances in the present case, and specifically the fact that Marquese Freeman had been actively participating in a fight at the time he was restrained by Officer Wade and the level of force associated with that restraint, make it imminently apparent that any such belief would not constitute a reasonable belief. The circumstances in the present case are not sufficient to support a reasonable belief that any use of force by Ms.

Freeman against Officer Wade was warranted, let alone a strike with a closed fist to the Officer's head. For all of the reasons discussed above, the Commonwealth established that Ms. Freeman did not reasonably believe that Marquese Freeman was in danger of serious bodily injury or death when Ms. Freeman struck Officer Wade, and the Commonwealth thus carried its burden of establishing that Ms. Freeman's use of force against Officer Wade was not justifiable force used to protect a third person. The evidence before the court established beyond a reasonable doubt that Ms. Freeman struck Officer Wade, and that Ms. Freeman's actions did not constitute justified force in defense of another, and, for that reason, this court found her guilty of aggravated assault.

(Trial Ct. Op., at 7-8) (unnecessary capitalization omitted).

We discern no abuse of discretion. Viewing the trial evidence in the light most favorable to the Commonwealth as verdict winner, it established that Marquese was actively engaged in a physical altercation involving more than six individuals at Brashear High School. Freeman testified that she was present for some of this physical altercation and fighting, and that she unsuccessfully attempted to bring the physical altercation to an end by attempting to break up a fight between her son and another student. Officer Wade physically restrained Marquese in a bear hug and placed him on the ground in an effort to stop him from participating in this altercation. Freeman struck Officer Wade despite knowing why her son had been restrained and she was aware that Officer Wade was a school officer tasked with maintaining safety at Brashear High School.

Further, the Commonwealth established that Freeman was not justified in striking Officer Wade. Neither Marquese nor any other eyewitness testified that he was unable to breathe when Officer Wade restrained him. Although Freeman testified that Officer Wade was on top of Marquese, and that Marquese was

squirming as though, in her belief, he could not breathe, there is no further testimony as to any other observations made by Freeman. Further, Freeman testified that she struck Officer Wade approximately five seconds after Officer Wade had restrained her son. (**See** N.T. Trial, at 82). This short period of time does not support a reasonable belief that Marquese was in legitimate danger of imminent asphyxiation, even in "today's fraught climate." In fact, while Freeman testified at other points that she feared for her son's life, when expressly asked what was going through her mind before striking Officer Wade, she stated, "Why did he come and grab my son when he is not engaged in no fighting and slam him." (**Id.** at 75).

Based on all of the foregoing, we conclude that the trial court properly found that when viewed in the light most favorable to the Commonwealth as verdict winner, the evidence admitted at trial, and all reasonable inferences drawn therefrom, support Freeman's conviction beyond a reasonable doubt. **See N.M.C.**, **supra** at 1149. Additionally, the Commonwealth met its burden of disproving Freeman's justification defense. **See Hornberger**, **supra** at 283. Finally, we conclude that the trial court did not abuse its discretion when it found that the verdict was not against the weight of the evidence. **See Sexton**, **supra** at *5. Accordingly, we affirm Freeman's judgment of sentence.[5]

---

[5] Neither are we persuaded by Freeman's citations, because the cases she cites are distinguishable, and she fails to provide pertinent discussion about them. (**See** Freeman's Brief, 8); Pa.R.A.P. 2119(a), (b); **see also Graham v. Connor**, 490 U.S. 386, 395-96 (1989) (holding claim that law enforcement officials have

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/24/2020</u>

_____

used excessive force are properly analyzed under Fourth Amendment's "objective reasonableness" standard rather than substantive due process standard and requires examination of facts of case); ***Tennessee v. Gardner***, 471 U.S. 1, **20-21 (1985) (holding statute authorizing use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is unconstitutional, and an examination of specific circumstances is required to determine if use of force reasonable); **Commonwealth v. Knox**, 190 A.3d 1146, 1158-59 (Pa. 2018), *cert. denied*, 139 S.Ct. 1547 (2019) (considering whether specific circumstances supported conviction of terroristic threats and witness intimidation stemming from rap lyrics that referred to certain police officers scheduled to testify against defendant); ***Commonwealth v. Capitolo***, 498 A.2d 806, 809-10 (Pa. 1985) (holding defense of justification based on affirmative defense of necessity was not available to defendants under facts of case).