J-A11044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL L. LOWERY | : | |
| | : | |
| Appellant | : | No. 308 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 29, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0015203-2018

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

CONCURRING MEMORANDUM BY McLAUGHLIN, J.:

**FILED:  August 5, 2021**

I respectfully concur. I write separately only to set forth my reasons for rejecting Appellant's justification argument.

In **_Commonwealth v. Capitolo_**, 498 A.2d 806, 809 (Pa. 1985), the Pennsylvania Supreme Court held that in order to invoke the defense of justification under the general justification statute,[1] the defendant "must first offer evidence" of the elements of such a defense:

(1)  the actor was faced with a clear and imminent harm, not one that is debatable or speculative;

---

[1] **_See_** 18 Pa.C.S.A. § 503. Appellant makes no argument about, and I offer no opinion on, 18 Pa.C.S.A. § 510, which relates to "[c]onduct involving the appropriation, seizure or destruction of, damage to, intrusion on or interference with property. . . ."

(2) the actor could reasonably expect that the actor's actions would be effective in avoiding this greater harm;

(3) there is no legal alternative that would have been effective in abating the harm; and

(4) the General Assembly has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue.

The *Capitolo* Court concluded that the defendants there – protestors conducting a sit-in at a nuclear power plant – had failed to carry the initial burden of production because, as a matter of law, the harm they claimed was insufficiently imminent.

> The trial court was correct in ruling that, as a matter of law, justification was not an available defense to Appellees. . . . To be imminent, the danger must be, or must reasonably appear to be, threatening to occur immediately, near at hand, and impending. . . . [I]t is abundantly clear that Appellees could not establish that their criminal conduct was necessary to avoid harm or evil to themselves or others.

*Id.* Having resolved the appeal at this initial step, the Court did not say whether the prosecution or the defense bore the burden of persuasion.

We offered an answer to that question in *Commonwealth v. Manera*, 827 A.2d 482, 485 (Pa.Super. 2003). In that case, we were considering if a defendant in a prosecution for operating a vehicle while under suspension for a DUI-related offense could claim justification. *Id.* at 484. In determining that the defendant could assert the defense, we suggested that once the defendant

has carried the initial burden of production, the prosecution must then disprove the defense:

> Of course, the fact that a defense is theoretically available for a given crime **does not mean that the Commonwealth must disprove justification in every case**. Because justification is an affirmative defense, the defendant has the burden of asserting an appropriate offer of proof in order to be entitled to a jury instruction on justification.

*Id.* at 485 n.7 (emphasis added).

However, because we were not tasked with identifying the party bearing the ultimate burden of persuasion, our statement was *dicta*. In subsequent cases, we have confusingly stated – apparently again in *dicta* – that the defendant bears the "burden of proof." *See*, *e.g.*, *Commonwealth v. Clouser*, 998 A.2d 656, 659 (Pa.Super. 2010) (holding evidence was insufficient to warrant a justification instruction).[2] I respectfully do not believe *Commonwealth v. Chine*, 40 A.3d 1239, 1243 (Pa.Super. 2012), decides this issue because it involved a different statute and a different defense. The defendant there raised 18 Pa.C.S. § 505, which relates to the use of force in self-protection, which is not in issue here.

Fortunately, I do not believe we need to resolve this question to dispose of this appeal. I agree that the evidence in this case was insufficient to prove that Lowery lacked "less drastic and non-criminal means to alleviate his

---

[2] *See also Commonwealth v. McMillan*, No. 3178 EDA 2019, 256 A.3d 1056, unpublished memorandum at *5 (Pa.Super. filed Dec. 9, 2020) (stating that because "justification is an affirmative defense, the defendant has the burden of proof.").

circumstances." Majority Op. at 7 (quoting Trial Ct. Op. at 7). In other words, he did not "first offer evidence" sufficient to establish the elements of justification, and his justification claim fails. ***Capitolo***, 498 A.2d at 809.