J-S06009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRENCE W. CLARKE | |
| Appellant | No. 78 MDA 2015 |

Appeal from the Judgment of Sentence December 22, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001020-2014

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 07, 2016**

Appellant, Terrence W. Clarke, appeals from the judgment of sentence entered December 22, 2014, in the Court of Common Pleas of Luzerne County, following Clarke's conviction of persons not to possess a firearm.[1] Clarke argues on appeal that the trial court erred in refusing to issue a jury instruction on the defense of justification. No relief is due.

At trial, Clarke testified that he arrived at Shaker's Bar on February 1, 2014, between 10:30 p.m. and 11:00 p.m. **See** N.T., Jury Trial, 10/27/14-10/29/14 at 167-168. When Clarke exited the bar with friends at 2:00 a.m., he observed an "all-out fight" break out among a group of bar patrons. **Id**.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a).

at 169. Clarke maintained that he was caught in the middle of the altercation when he noticed a gun fall to the floor. *See id*. Although Clarke acknowledged that he was prohibited from possessing a firearm as a condition of his probation, he testified that he picked up the firearm because he "didn't want anything to happen to me." *Id*. at 169-170. Clarke stated that as he attempted to walk away from the fight, he heard shots fired in his direction. *See id*. at 170. Although Clarke admitted that he was not physically involved in the altercation, he stated that he fired the weapon back in the direction of the fight in order to "protect" himself. *Id*. at 170-171.

Pennsylvania State Troopers Nicholas Bressler and Matthew Hunter were on patrol near the Shaker Bar that evening when they heard shots fired. *See id*. at 96. As the Troopers pulled up to the entrance to the Shaker Bar and exited their vehicle, Trooper Bressler observed Clarke emerge from the bar and turn to discharge his firearm toward the crowd. *See id*. at 96-97. Although Clarke ignored the Troopers' repeated demands to drop the firearm and stand down, the Troopers apprehended Clarke after a brief chase. *See id*. at 98-107. The Troopers recovered the firearm nearby on the ground. *See id*. at 110-111.

Clarke was subsequently charged with criminal homicide, two counts of aggravated assault, and persons not to possess firearms. Prior to trial, the Commonwealth filed a motion to sever the possessory firearm charge, which the trial court granted with defense agreement. A jury trial commenced. At

the close of evidence, defense counsel requested the trial court issue a justification instruction to the jury pursuant to 18 Pa.C.S.A. § 503(a). The trial court denied the request. The jury ultimately rendered a guilty verdict. The trial court sentenced Clark to 48 months to 96 months incarceration. This timely appeal followed.

Clarke argues on appeal that the trial court erred in denying his request to instruct the jury on the defense of justification.

> The law is well settled that a trial court is not obligated to instruct a jury upon legal principles which have no applicability to the presented facts. There must be some relationship between the law upon which an instruction is requested and the evidence presented at trial. However, a defendant is entitled to an instruction on any recognized defense which has been requested, *which has been made an issue in the case*, and for which there exists evidence sufficient for a reasonable jury to find in his or her favor.

***Commonwealth v. Bohonyi***, 900 A.2d 877, 883 (Pa. Super. 2006) (emphasis in original).

The defense of justification is set forth by statute as follows.

**§ 503. Justification generally**

**(a) General rule.** -- Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:

(1) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;

(2) neither this title nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

(3) a legislative purpose to exclude the justification claimed does not otherwise plainly appear.

18 Pa.C.S.A. § 503(a).

In denying Clarke's request to issue an instruction on the defense of justification, the trial court determined that "any harm as perceived by the Defendant is speculative or debatable and not clear and [imminent]." N.T., Jury Trial, 10/27/14-10/29/14 at 186. We agree.

In order to be entitled to an instruction on justification by necessity as a defense to a crime charged, Appellant must offer evidence to show:

(1) that (he) was faced with a clear and imminent harm, not one which is debatable or speculative;

(2) that (he) could reasonably expect that (his) actions would be effective in avoiding this greater harm;

(3) that there is no legal alternative which will be effective in abating the harm; and

(4) that the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue.

*Commonwealth v. Billings*, 793 A.2d 914, 916 (Pa. Super. 2002) (citation omitted).

Upon review, we find that Clarke failed to meet the above requirements. Although Clarke maintained that he picked up and fired the firearm out of fear for his safety, there is no testimony that Clarke was physically involved in the bar fight or otherwise targeted in any way. Despite Clarke's assertion that he believed the gun shots were aimed in his direction, there is no description or identification of an individual shooting directly at Clarke. Further, aside from this vague allusion to gunshots, Clarke

- 4 -

does not allege or state with particularity a direct and personal threat to his safety that would justify his possession of the firearm. Certainly, Clarke had other legal alternatives available to him in abating the harm, such as merely continuing a speedy retreat from the scene of the altercation or contacting the authorities for assistance.

Accordingly, based upon our review of the evidence adduced at trial, we find the trial court did not err in refusing to issue the justification instruction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2016