J-A20029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                              :
              v.              :
                              :
                              :
RUBEN RICHARD CRAIG           :
                              :
              Appellant       :  No. 1041 WDA 2020

Appeal from the PCRA Order Entered August 21, 2020
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000480-2016

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:              **OCTOBER 12, 2021**

Appellant, Ruben Richard Craig, appeals from the post-conviction court's August 21, 2020 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

On direct appeal from Appellant's judgment of sentence, this Court summarized the facts of his case, as follows:

> The record reveals that Appellant is forbidden to possess a firearm because of a 2004 conviction for aggravated assault. After receiving an eyewitness report and video surveillance of Appellant purchasing a gun, police executed a warrant on Appellant's home on June 8, 2016. Police recovered a fully loaded Mossberg twelve-gauge shotgun and a fully loaded Hi-Point .380 pistol[,] registered to Appellant's then-girlfriend (and current wife)[,] and purchased in January of 2016. Police arrested Appellant and charged him with [two counts of persons not to possess a firearm, 18 Pa.C.S. § 6105(a)(1)].

***Commonwealth v. Craig***, 1546 WDA 2017, unpublished memorandum at 1-2 (Pa. Super. filed Nov. 30, 2018).

One day before his jury trial began, Appellant moved to proceed *pro se*. After conducting a colloquy in accordance with ***Grazier***,[1] the court permitted Appellant to represent himself, with standby counsel. At the close of trial in February of 2017, the jury convicted Appellant of the above-stated offenses. He was sentenced on April 28, 2017, to an aggregate term of 54 to 120 months' incarceration. He filed a direct appeal, and this Court affirmed his judgment of sentence. ***See Craig, supra***. Appellant did not seek permission to appeal to our Supreme Court.

On October 30, 2019, Appellant filed a timely, *pro se* PCRA petition. He again indicated that he wished to represent himself and, after conducting another ***Grazier*** hearing, the court permitted him to do so. Appellant thereafter filed a *pro se* amended petition, as well as numerous *pro se* motions, including motions seeking discovery. On August 21, 2020, the court issued an order and opinion denying Appellant's *pro se* motions and his PCRA petition without a hearing.[2]

---

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[2] It does not appear from the record that the court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. However, Appellant does not object to that error on appeal, thereby waiving it for our review. ***See Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.") (citation omitted).

Appellant filed a timely, *pro se* notice of appeal. He also filed a *pro se* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, despite not being ordered to do so by the PCRA court. Appellant then filed with this Court a *pro se* motion seeking the appointment of counsel. We remanded to the PCRA court and counsel was appointed for Appellant. Appellant's attorney thereafter filed an appellate brief, raising the following issues for our review:

> [I.] Whether there are new issues to be resolved in this case and whether trial counsel[,] in fail[ing] to present a defense of necessity[,] was ineffective given the facts and circumstances of this case?
>
> [II.] Did the [PCRA] court err in not recognizing the defense of necessity in an illegal gun possession charge?
>
> [III.] Did the [PCRA] court err in not allowing discovery of potentially mitigating evidence in this case?
>
> [IV.] Did the [PCRA] court err in not allowing for a hearing concerning newly[-]discovered evidence in another proceeding[,] which involved similar individuals to be brought into these proceedings?

Appellant's Brief at 23 (unnumbered).

Preliminarily, we note that counsel does not delineate four separate issues in the Argument portion of Appellant's brief, thus failing to comply with our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Nevertheless, our

ability to discern Appellant's issues is not significantly impeded by this briefing error. Consequently, we will consider Appellant's claims, applying the following standard of review:

> "In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Johnson**, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." **Id.**

**Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013)

Appellant first contends that his pretrial counsel was ineffective for failing to present a justification defense, which is governed by the following:

> **(a) General rule.--**Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:
>
> > (1) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;
> >
> > (2) neither this title nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and
> >
> > (3) a legislative purpose to exclude that justification claimed or does not otherwise plainly appear.
>
> **(b) Choice of evils.--**When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for his conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability.

18 Pa.C.S. § 503.

- 4 -

Appellant does not offer any explanation as to why a justification defense was applicable to the facts of his case, or how his **pretrial** counsel could be deemed ineffective for not pursuing this defense when Appellant **represented himself** at trial. The Commonwealth, however, provides the following context and procedural history underlying Appellant's claim:

> The record … reflects that [Appellant], while the instant prosecution was pending, faced charges of Attempted Homicide and Aggravated Assault in connection with an incident that occurred on May 30, 2016.[3] Both pretrial, and during trial, [Appellant] claimed that on May 30, 2016, he was attacked near his home by his (then) girlfriend's sister's boyfriend and five other individuals. One of the assailants allegedly threatened to shoot up [Appellant's] house. [Appellant] claimed[,] both pretrial[] and[,] to some extent, at trial, that his actions on May 30, 2016[,] were in self-defense. He further claimed that he obtained the shotgun at issue because he believed that he would need to defend himself.[4] Both pretrial, and somewhat during trial, [Appellant] attempted, unsuccessfully, to use the May 30, 2016 incident to support a defense of duress….
>
> The record … also reflect[s] that on February 13, 2017, a motion *in limine* was filed by the [C]ommonwealth seeking to preclude evidence tending to establish the affirmative defense of duress. At this hearing, [Appellant's] (then) counsel … appeared on [Appellant's] behalf and made it clear that [Appellant] never intended to assert a justification by necessity defense at trial.

---

[3] Appellant was ultimately convicted of attempted homicide, aggravated assault, and recklessly endangering another person in that case, docketed below at CP-61-CR-0000597-2016. His appeal from an order denying an untimely PCRA petition in that case is docketed at 20 WDA 2021.

[4] Appellant purchased the two guns underlying his two counts of persons not to possess a firearm at separate times. At a pretrial hearing on February 16, 2017, discussed *infra*, his counsel stated that a defense of duress, which is what counsel planned to pursue at trial, would apply only to his earlier purchase of a shotgun. **See** N.T. Hearing, 2/16/17, at 15-16.

- 5 -

The day before trial, [Appellant] requested that he represent himself because he and his [counsel] had reached a point of irreconcilable differences concerning trial strategy. The trial court conducted a colloquy and determined[,] by its order dated February 16, 2017[,] that [Appellant] made a knowing, intelligent, and voluntary waiver of his right to counsel and allowed [Appellant] to proceed *pro se* with standby counsel.

During the hearing on February 16, 2017, [Appellant] made various motions before the trial court on his [own] behalf. One of those motions, which the court granted, was that [Appellant] could present and [elicit] evidence on his assertion of a duress defense to Count 1 of the Information (relating to the shotgun). The court further provided in said order that the instruction on the duress would be revisited during the discussion of points for charge. It should be noted that [Appellant] made no other requests for discovery during his representation of himself on February 16, 2017. The record is void of any request by [Appellant] for [a charge on] justification by necessity.

Commonwealth's Brief at 2-3 (citations omitted).

Herein, Appellant maintains that his pretrial counsel should have pursued a justification defense, which "is potentially available in illegal gun possession charges." Appellant's Brief at 30 (unnumbered) (citing *Commonwealth v. Miklos*, 159 A.3d 962, 968-69 (Pa. Super. 2017) (finding that a justification defense can apply to a charge of possessing a firearm, where the appellant's possession of the gun occurred during a struggle with the victim)). Appellant insists that his pretrial counsel acted ineffectively by not pursuing a justification defense and only raising a defense of duress. He also claims that, because the determination of whether a justification defense should have been asserted in this case is a "heavily factual" determination, the PCRA court should have granted his motions for discovery and conducted an evidentiary hearing. *Id.* at 31.

Appellant's argument is meritless. Initially, where a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

***Commonwealth v. Johnson***, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Again, Appellant does not explain why a justification defense would have been appropriate in his case, or how his pretrial counsel's actions prohibited him from presenting a justification defense when he represented himself at trial. Thus, his ineffectiveness claim fails on this basis alone.

In any event, Appellant has also not demonstrated his counsel acted unreasonably. From our review of the record, we assume that Appellant believes that his pretrial counsel's indicating, at the February 13, 2017 hearing, that Appellant would not be pursuing a defense of justification caused

the court to enter the February 16, 2017 order, stating that Appellant was permitted to "elicit evidence related to the May 30, 2016 incident **as it may relate to the assertion of a duress defense**…." Order, 2/16/17, at 3 (emphasis added). Presumably, Appellant concludes that: (1) because the court's order did not say he could admit evidence to support a **defense of justification**, he was thereby precluded from doing so, and (2) his pretrial counsel was at fault for that ruling. However, on its face, that ruling does not speak to Appellant's ability to pursue a justification defense at all.

Nevertheless, even if we accepted that Appellant was precluded from presenting a justification defense based on his pretrial counsel's decision not to pursue it, we would conclude that Appellant has failed to demonstrate that counsel's decision constituted ineffectiveness. Notably, Appellant does not discuss why his pretrial counsel was unreasonable in concluding that the defense of duress would be more appropriate in this case, as justification "has an imminence element … but duress does not." N.T. Hearing at 31. This Court has stated:

> In order to be entitled to an instruction on justification by necessity as a defense to a crime charged, Appellant must offer evidence to show:
>
>> (1) that (he) was faced with a clear and **imminent harm**, not one which is debatable or speculative;
>>
>> (2) that (he) could reasonably expect that (his) actions would be effective in avoiding this greater harm;
>>
>> (3) that there is no legal alternative which will be effective in abating the harm; and

(4) that the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue.

***Commonwealth v. Billings***, 793 A.2d 914, 916 (Pa. Super. 2002) (emphasis added; citations omitted).  Clearly, pretrial counsel correctly discerned that the defense of justification has an imminent-harm element.  Counsel was also correct that a defense of duress does not.  ***See Commonwealth v. DeMarco***, 809 A.2d 256, 261-62 (Pa. 2002) ("[I]n order to establish the duress defense in this Commonwealth, there must be evidence that: (1) there was a use of, or threat to use, unlawful force against the defendant or another person; and (2) the use of, or threat to use, unlawful force was of such a nature that a person of reasonable firmness in the defendant's situation would have been unable to resist it. … [U]nlike under the common law rule, the force or threatened force does not need to be of present and impending death or serious bodily injury.").

Appellant wholly fails to discuss how the facts of his case show that he faced a 'clear and imminent harm' at the time he purchased the shotgun.  Therefore, he has not demonstrated that his pretrial counsel acted unreasonably in determining that it was wiser for Appellant to pursue a defense of duress, rather than justification.[5]

_____

[5] We also note that, in the trial court's Pa.R.A.P. 1925(a) opinion filed during Appellant's direct appeal, the court concluded that an instruction on justification would not have been warranted under the facts of this case.  ***See*** Trial Court Opinion, 1/24/18, at 6-10.  This Court adopted the trial court's decision in affirming Appellant's judgment of sentence on appeal.  ***See Craig***, 1546 WDA 2017, unpublished memorandum at 4.

Finally, we reject Appellant's undeveloped argument that discovery, and a PCRA hearing, were warranted in this case. Appellant does not specify what particular documents he would seek in discovery, what facts he hopes to unearth, or what 'exceptional circumstances' warrant discovery in this case. *See* Pa.R.Crim.P. 902(E)(1) ("Except as provided in paragraph (E)(2) [(relating to death penalty cases)], no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances."). Additionally, his undeveloped ineffectiveness claim is meritless for the reasons set forth *supra*. Accordingly, Appellant has failed to prove that the court erred in denying his motions for discovery, or his PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2021