J-S27040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG A. ALFORD | : | |
| | : | |
| Appellant | : | No. 2416 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 23, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000929-2020

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED DECEMBER 15, 2022**

Craig A. Alford ("Alford") appeals from the judgment of sentence imposed following his convictions for persons not to possess firearms and concealed firearms not to be carried without a license.[1]  We affirm.

We briefly summarize the facts and procedural history of this case from the trial record.  On the morning of May 19, 2020, Alford was doing some yard work at a friend's house.  **See** N.T., 5/10/21, at 23, 65, 85-90.  His brother, Carl Alford ("Carl"), came by and they had an altercation during which, Alford later claimed, Carl displayed a gun.  **See id**. at 108.  After they exchanged threats, Alford went home and retrieved a pistol which he later admitted he purchased in Virginia in 2019, despite having prior convictions that disqualified him from possessing a firearm in Pennsylvania.  **See id**. at 142-45, 164-65, 178-81, 186.  Later that afternoon, Alford, armed with the pistol, returned to

---

[1] **See** 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1).

his friend's home. Alford's girlfriend arrived at the home in her SUV, and Alford stood beside the car talking to her. *See id*. at 85-90. Carl returned, and he and Alford exchanged gunfire. *See id*. at 154, 174-75. One eyewitness testified that while she did not initially see Alford's pistol, she saw him lift his shirt and pull the pistol from his waistband before shooting at Carl. *See id*. at 85-87.

The Commonwealth charged Alford with persons not to possess firearms, firearms not to be carried without a license, and discharge of a firearm into an occupied structure. The Commonwealth did not charge Alford with any offenses concerning the use of force against Carl.

At Alford's jury trial, Alford's counsel asserted that he was justified in retrieving the pistol after Carl had threatened him on the morning of May 19, 2020, and asserted that Alford acted in self-defense by returning fire at Carl later that afternoon. *See* N.T., 5/11/21, at 9, 12. The Commonwealth conceded that Carl had instigated the shooting but asserted, in relevant part, that it had proved that Alford was disqualified from possessing firearms and had carried the pistol in his car and concealed the pistol on his person before the shooting. *See id*. at 23-26. The Commonwealth also noted, without objection from Alford, that Alford had admitted to purchasing the pistol in Virginia in 2019 and brought it to Pennsylvania despite knowing that he was prohibited from possessing firearms in Pennsylvania. *See id*. at 26.

The trial court thereafter instructed the jury that the Commonwealth was required to show that the firearm offenses occurred on May 19, 2020, the

day of the shooting.  *See* N.T., 5/11/21, at 62-63.  The Commonwealth drew

the court's attention to the fact that the bills of information for those offenses

alleged possession "on or about" the date of the crime.  *See id*. at 74.  The

trial court then gave a clarifying instruction that stated:

> [I] said the incident alleged to have occurred on May 19th but with regard to the possession of firearm prohibited charge it is on or about May 19th
>
> So if you find it is in the evidence it doesn't have to have been necessarily on May 19th, it could be anytime including on or about May 19th so that spans a greater time period on the possession prohibited.  And that was on the firearm not to be carried without a license as well. . ..
>
> So those two charges.  The firearms charges are on or about May 19th . . ..

N.T., 5/11/21, at 76.  Alford did not object to the clarifying instruction.[2]

The jury found Alford guilty of persons not to possess firearms and

carrying a firearm without a license, but not guilty of discharging a firearm

into an occupied structure.  *See id*. at 82.  On July 23, 2021, the trial court

imposed an aggregate sentence of 156 months to 324 months of

imprisonment.  Alford filed post-sentence motions seeking: (1) a new trial

based on the Commonwealth's closing argument referring to Alford's

possession of the pistol before May 19, 2020, and the trial court's jury

---

[2] The trial court previously denied Alford's request for jury instructions concerning the use of force in self-defense and defense of others, but Alford did not request an instruction for justification based on necessity.

instruction that Alford's possession of the pistol did not necessarily have to be on May 19, 2020, (2) arrest of judgment because, as applied, the crimes for possessing a firearm and carrying it without a license, were unconstitutional, and (3) reconsideration of the sentence because he was entitled to mitigated sentences because he was defending himself against Carl's use of deadly force. The trial court denied the post-sentence motions. Alford filed a timely notice of appeal, and he and the trial court complied with Pa.R.A.P. 1925.[3]

Alford presents the following issues for our review:

1.  Did the trial court abuse its discretion by not granting [a] motion for a new trial because the court allowed the Commonwealth to argue possession of the weapon on any date[,] not just May 19, 2020 as on the information, which is the date [Alford] had prepared the case for?

2.  Did the trial court abuse its discretion by not determining that [Alford] had a right to defend himself from deadly force and find the charge of possession of a weapon prohibited was unconstitutional under both the United States and Pennsylvania constitutions?

3.  Did the trial court abuse its discretion by not determining that [Alford] had a right to defend himself from deadly force and find the charge of firearm not to be carried without a license was unconstitutional under both the United States and Pennsylvania constitutions?

4.  Did the trial court abuse its discretion by not taking into consideration [Alford's] right to defend himself and give him a mitigated range sentence?

Alford's Brief at 5.

---

[3] The trial court filed a Rule 1925(a) statement attaching its opinion denying Alford's post-sentence motions which addressed the issues Alford raises on appeal.

- 4 -

Alford's first issue suggests a challenge to the Commonwealth's closing argument, however our review of his argument reveals that it actually centers on the trial court's jury instructions concerning the date on which the offenses occurred. We will only address the issues presented in the argument section of his brief that are also clearly raised in his statement of questions presented. *See* Pa.R.A.P. 2116(a) (stating that no question will be considered until it is stated in the statement or questions involved or fairly suggested thereby). Accordingly, we only address Alford's jury instructions claim.

We review a challenge to jury instructions under the following standards:

> We review with deference decisions regarding instructions submitted to a jury; we may reverse the trial court only where we find that it abused its discretion or committed an error of law. When reviewing jury instructions for error, the charge must be read as a whole to determine whether it was fair or prejudicial. The trial court has broad discretion in phrasing its instructions . . . so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. A faulty jury charge will require the grant of a new trial only where the charge permitted a finding of guilt without requiring the Commonwealth to establish the critical elements of the crimes charged beyond a reasonable doubt.

*Commonwealth v. Hornberger*, 74 A.3d 279, 282-83 (Pa. Super. 2013) (internal citations brackets, and quotations omitted).

To preserve a challenge to a jury instruction, a defendant must object and call the alleged error to the attention of the trial court. When he fails to do so, he waives review of his objection to the instruction. *See*

*Commonwealth v. Smith*, 206 A.3d 551, 564 (Pa. Super. 2019). Alford's argument is waived because he raised no objection to the trial court's instructions. *See Smith*, 206 A.3d at 564. Thus, no relief is due.

In his next two issues, Alford asserts that his convictions for persons not to possess firearms and firearms not to be carried without a license are unconstitutional. A defendant may seek to vacate his conviction by demonstrating that a law is unconstitutional as applied, when the application of a statute to a particular person under particular circumstances deprived him of a constitutional right. *See Commonwealth v. Brown*, 26 A.3d 485, 493 (Pa. Super. 2011). A defendant challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution. *See Commonwealth v. Torsilieri*, 232 A.3d 567, 575 (Pa. 2020). When reviewing a constitutional challenge, our standard of review is *de novo*, and our scope of review is plenary. *See Brown*, 26 A.3d at 493.

Alford contends that his convictions were unconstitutional because they deprived him of his right to bear arms for self-protection, and that the restrictions on gun possession by felons are too restrictive. *See* Alford's Brief at 14-17, 19, 22. Alford maintains that he "believed that he was still in danger after his brother" threatened him on the morning of May 19, 2020 and left, and later that afternoon, "it was shown that [he] was defending himself from the deadly force [used by] his brother." *See id*. at 18, 21. Alford appears to

assert that he possessed and carried the pistol for the sole purpose of self-protection and not to commit a crime. ***See id***. at 18-19, 21.

The trial court concluded that Alford failed to show that either section 6105 or section 6106 of the statute clearly, palpably, and plainly violated the constitution when applied to him. It found that his alleged subjective belief that he was in danger of death or serious bodily injury did not constitute a circumstance that would deprive him of a constitutional right, particularly because his possession of a firearm was a continuing offense that did not occur only when he shot at his brother. ***See*** Trial Court Opinion, 7/23/21, at 12-14.

Following our review, we conclude that the trial court properly analyzed Alford's constitutional claim and determined that it merited no relief. As the trial court noted, courts have consistently stated that the constitutional right to bear arms may be restricted for the good order of society and the protection of citizens and disqualify a felon from possessing a firearm. ***See Lehman v. Pennsylvania State Police***, 839 A.2d 265 (Pa. 2003); ***accord District of Columbia v. Heller***, 554 U.S. 570, 626 (2008) (holding that a ban on possessing a handgun in a home was unconstitutional but emphasizing that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions of the possession of firearms by felons . . .."). ***See also Commonwealth v. McKown***, 79 A.3d 678 (Pa. Super. 2013) (holding that the statute requiring a license to carry concealed firearms serves an important

government interest, is substantially related to the achievement of that interest, does not violate the constitutional right to bear arms).[4] To the extent that Alford focuses on his discrete act of returning fire against Carl in self-defense, he misconstrues the record. Alford's convictions arose out of his possession of the firearm before and after the shooting, *i.e.*, his decision to return to his home, retrieve his gun and transport it in his car, to conceal the firearm on his person, prior to returning to the location where Carl had allegedly threatened him with violence, and to depart from the scene with the firearm. Pennsylvania law provides for justification based on necessity. **See** 18 Pa.C.S.A. § 503; **see also Commonwealth v. Capitolo**, 498 A.2d 806, 809 (Pa. 1985) (allowing a person who would otherwise be guilty of a crime to establish that his conviction was justified upon a showing that he was faced with a clear and imminent harm and reasonably believed that his actions would avoid a greater harm; had no legal alternative to abate the harm; and the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue); **Commonwealth v. Miklos**, 159 A.3d

_____

[4] The **McKown** Court found no error in the proposition that Section 6106 is subject to, and satisfies, an intermediate constitutional scrutiny under both the federal and state constitutions. **See McKown**, 79 A.3d at 690. **Barris v. Stroud Township**, 257 A.3d 209 (Pa. Cmwlth. 2021), which Alford cites to support his assertion that the statutes in question are too restrictive of gun possession by felons, is distinguishable because it concerns an ordinance regulating the discharge of firearms – not the criminal statutes at issue here – and, in any event, it is not binding on this Court, **see Commonwealth v. Hunt**, 220 A.3d 582, 590 n.6 (Pa. Super. 2019). More importantly, Alford does not assert that a higher level of constitutional scrutiny applies here.

962, 968 (Pa. Super. 2017) (stating that a person disqualified from possessing a firearm may nevertheless do so for the precise period of time needed to exercise self-defense, but no longer). However, Alford neither requested an instruction for justification based on necessity at trial, nor has he analyzed section 503 when asserting that sections 6105 and 6106 were unconstitutional as applied. Under these circumstances, we agree with the trial court that Alford did not meet his burden of establishing that his convictions for persons not to possess firearms and firearms not to be carried without a license clearly, palpably, and plainly violated a constitutional right to bear arms for self-protection.

Alford's final claim is that the trial court abused its discretion in declining to give him a mitigated range sentence based on his exercise of self-defense. He also asserts that the trial court should have run sentences concurrently, not consecutively.

A discretionary aspects of sentence claim is not appealable as of right; an appellant must invoke this Court's jurisdiction by satisfying a four-part test. This Court must determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citations and brackets omitted). Alford's brief fails to include a Rule 2119(f) statement, but the Commonwealth has not objected, so we will not find Alford's claim waived on that basis. *See Commonwealth v. Brougher*, 978 A.2d 373, 375 (Pa. Super. 2019) (declining to find waiver for absence of Rule 2119(f) statement where Commonwealth has not objected).[5] However, Alford's only assertions of a substantial question are that the sentencing court ignored a mitigating factor, and that it imposed consecutive, not concurrent, sentences. This Court has held that the failure to consider mitigating factors generally does not raise a substantial question. *See Moury*, 992 A.2d at 171. This Court has also held that the exercise of discretion to impose consecutive rather than concurrent sentences generally does not raise a substantial question, *see Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), except in the most extreme circumstances, such as a fifty-eight year minimum term of incarceration for a series of thefts. *See Moury*, 992 A.2d at 171-72 (citing *Commonwealth v. Dodge*, 957 A.2d 1198 (Pa. Super. 1998)). We conclude that Alford has not raised a substantial question warranting a review of the discretionary aspects of the sentence.

---

[5] We note with disapproval that the Commonwealth has not filed an appellate brief in this case.

Moreover, even if we were to determine that Alford's claim did raise a substantial question, we would find no merit to his underlying allegation. Our standard of review of a sentencing challenge is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (internal citation omitted). When imposing a sentence, the Sentencing Code requires that the sentence be consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant. ***See Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012); ***see also*** 42 Pa.C.S.A. § 9721.

The trial court noted that Alford's pre-sentence report ("PSI") showed six disciplinary referrals relating to assault or attempted assault against a staff member or inmate, fighting and threatening abusive language; Alford is a repeat felony offender as the result of four felony convictions; Alford has a lengthy history of violent criminal activity as well as involvement with drugs and alcohol which rehabilitation has failed to alter; Alford committed these crimes while on another state's probation, and Alford's evaluative summary concludes that he warrants a lengthy period of state incarceration. The court

- 11 -

concluded that the nature of Alford's crimes, his continued inability to conform to the law, and the protection of the public required a consecutive sentence of 156 to 324 months of incarceration. *See* Trial Court Opinion, 11/23/21, at 17-20, citing N.T., 7/23/21, at 17-18.

We perceive no manifest abuse of discretion in the trial court's sentence, which took all the relevant factors into account. We note that Alford knew that he was prohibited from owning or carrying a firearm based on his previous violent history, yet he deliberately obtained a gun for "protection." Moreover, if Alford had truly felt threatened by Carl's conduct as he claimed, he could have notified the police. Instead, he went home and retrieved a firearm and, according to an eyewitness, fired first when Carl returned to the scene. Given these facts, along with those contained in Alford's PSI, we perceive nothing in those facts that demonstrate that the trial court manifestly abused its discretion in sentencing.

Judgment of sentence affirmed.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


Date: _12/15/2022_

- 12 -